THE ROBERT S. SMITH CORPORATION, Appellant, v. MEYER KRAUSHAAR, Respondent, Impleaded with Another.—

Although the obvious purpose of the motion resulting in the order of March 5, 1940, which permitted plaintiff to withdraw the deed to the premises from the county clerk's office without prejudice to the personal judgment against respondent was to effect an accord and satisfaction of the claims between the parties arising from the operation of the property by the plaintiff, the order did not expressly provide for a discontinuance of the tender of performance required by the judgment. However, we are of the opinion that the legal effect of the order of March 5, 1940, which was obtained on notice to respondent, was to constitute it a waiver of the tender of actual performance by delivery or production of the deed embracing the covenant of seizin. Therefore, the disaffirmance of the judgment by the plaintiff could not be determined as a matter of law from the conveyance by it to its subsidiary corporation. The only elements of a tender required of the plaintiff after the order of March 5, 1940, were its readiness, willingness, and ability to perform. Whether plaintiff's conveyance of the property negatived those elements was a question of fact which the affidavits did not resolve in favor of respondent. Hagarty, Johnston, Adel, Taylor and Close, JJ., concur.

LUCIEN VAN ZANARY, Appellant, v. NATHAN DIAMOND, Respondent.—

No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

## (November 9, 1942.)

CITY BANK FARMERS TRUST COMPANY et al., as Trustees, Respondents, v. EUGENE T. CANNON et al., Defendants, and JOHN J. ACKERMAN, as Guardian ad Litem for all Defendants, Appellant.—

Present — Hagarty, Carswell, Adel, Taylor and Close, JJ.

WALLACE M. HENDRICK, Respondent, v. THE TOWN OF BROOKHAVEN, Appellant.—

Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.